Katy M. Young (SBN 267791)
AD ASTRA LAW GROUP, P.C.
582 Market Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 795-3579
Fax: (415) 276- 1976
Email: kyoung@astralegal.com

Attorneys for Plaintiffs
Knight Consulting Group, LLC and
Sandbox General Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNIGHT CONSULTING GROUP, LLC, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SEAN ARORA, et al.,<br><br>   Defendants. | Case No.:5:25-cv-07672-NC<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date: July 15, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Nathanael M. Cousins |

## I. JURISDICTION & SERVICE

This Court has subject matter jurisdiction in this case under Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants and the amount in controversy is more than $75,000.

All Defendants have been served and appeared. Defendants removed the action from the Santa Clara Superior Court.

## II. FACTS

*Plaintiffs' Position:*

Complaint alleges causes of action for fraud- intentional misrepresentation against both

1

Ad Astra Law Group, P.C.

Defendant Sean Arora and Smarter Swipe, Inc.; unfair business practices- California Civil Code §17200; negligent misrepresentation; unjust enrichment; and false advertising. Plaintiff Knight assists with the launching of Medical Spas in all 50 states. He provides access to vendors, provides training and operational support. He also provides a Medical Director to facilitate the businesses. In order to secure the position as the medical director, Defendant Arora falsely represented that he was licensed in all fifty states and was the Medical Director for over 200 clinics nationwide.  He falsely stated that he could provide compliant medical directorship for all of the clinics as well as telehealth services and access to GLP-1 medications. He insisted on replacing the clinic's payment processors with his own affiliate partners. Once placed in the position of the Medical Director of the med-spas, Defendant Arora began providing the clinics with white-labeled, research grade GLP-1 medications instead of the properly vetted and FDA approved medications. He also began charging the clinics additional monies far above the agreed upon fees for Legit Script certifications and provided medical directorship agreements to the clinic that essentially absolved him from any legal liability and placed all potential liability on the clinics themselves.  He and Smarter Swipe then misclassified merchant codes for credit card payment processing thereby exposing the clinics to penalties and fines upwards of $50,000 per transaction. Plaintiffs allege that Defendants' wrongful conduct violated numerous laws, damages Plaintiffs' business relationships with its clients and exposed Plaintiffs and his clients to potentially millions of dollars in fines and penalties for distribution of white labeled- research use GLP-1s and improperly coded credit card merchant classifications.

***Defendants' Position:***

Defendants deny and dispute Plaintiffs' allegations.  This lawsuit represents Plaintiff Knight's effort at retaliation and harassment following his own failed business efforts. Furthermore, Defendant SmarterSwipe, through counsel, has affirmatively established the falsity of Plaintiffs' allegations with respect to SmarterSwipe, yet, without any substantive response, Plaintiffs insist upon continuing their pursuit of spurious claims against SmarterSwipe.

JOINT FURTHER CASE MANAGEMENT STATEMENT
CASE NO.: 5:25-CV-07672-NC

## III.    LEGAL ISSUES

(1)    Whether Defendants knew or should have known that the promises made to Plaintiffs were false at the time he made them;

(2)    Whether Defendants made the representations with knowledge of the falsity specifically to induce Plaintiffs into hiring Defendant Arora as Medical Director to oversee the med spa clinics;

(3)    Whether Smarter Swipe knew or should  have known that misclassifying merchant code violated banking laws and regulations thereby exposing the med spas to fines and penalties.

(4)    Whether Defendants' actions constitute unfair business practices;

(5)    Whether Defendants should be disgorged of monies they received under the agreement with Plaintiffs.

(6)    Whether Defendants knowingly made false representations in the advertising and promotion of his "medical director" program and services.

(7)    Whether Plaintiffs' suit against each of Defendants constitutes an abuse of the judicial process and wrongful use of civil proceedings.

(8)    Whether Plaintiffs have defamed Defendants and/or tortiously interfered with Defendants' contractual relationships and/or prospective economic advantage.

## IV.    MOTIONS

The Parties have met and conferred and agreed to continue trial and all related dates, including the early neutral evaluation.  Defendants shall prepare a Motion to Continue Trial and include a proposed schedule for the continuation of all applicable dates. Plaintiff will not oppose. Defendants anticipate filing the Motion by July 10, 2026.

Due to Defendant's repeated failure to serve Amended Initial Disclosures (as discussed below), Plaintiffs intend on filing pre-trial motions to exclude any evidence not properly disclosed or produced in discovery. Plaintiffs also anticipate filing discovery motions if Defendants continue to ignore Plaintiffs' meet and confer efforts.  Defendants dispute Plaintiffs' characterizations regarding discovery and have repeatedly explained their willingness to work

Ad Astra Law Group, P.C.

cooperatively with Plaintiffs in pursuit of reasonable, necessary, and proportional discovery.

## V.    AMENDMENT OF PLEADINGS

None at this time.

## VI.    EVIDENCE PRESERVATION

The Parties previously met and conferred as to the preservation of electronic evidence.

## VII.    DISCLOSURES

Plaintiffs served their Initial Disclosures on or about December 3, 2025.

Defendants Arora and SmarterSwipe served their Initial Disclosures on or about January 6, 2026.  Plaintiffs served a meet and confer letter to Defendants on January 12, 2026 addressing perceived deficiencies with Defendants' Initial Disclosures.  Defendant's counsel, Ryan Pinkston informed Plaintiffs that his clients would serve amended Initial Disclosures no later than January 30, 2026.  Defendants failed to serve the amended disclosures. Defendants have yet to serve Amended Disclosures despite repeated promises to serve said disclosures and repeated demands by Plaintiffs. Plaintiffs will file motions to exclude evidence if the disclosures ae not properly amended.

Defendants noted their disagreement with the contents of Plaintiffs' meet-and-confer letter regarding initial disclosures, but nonetheless will supplement such disclosures in any event.

## VIII.   DISCOVERY

Plaintiffs served Requests for Admissions and Request for Production of Documents on Defendants on February 2, 2026.  After multiple requests for extensions, Defendants served objections to all discovery on April 9, 2026.  Defendants failed to produce any documents.

Plaintiffs sent a written meet and confer letter to Defendants' counsel, Ryan Pinkston on or about June 10, 2026.  The letter invited Defendants to review and contemplate Plaintiffs' position and conduct further meet and confer efforts.  Defendants have not responded, nor have they served any supplemental responses or documents.  The Parties have agreed to continue all dates and continue trial.  Defendants' counsel has stated an intention to address the outstanding discovery issues, but those discussions have not yet taken place. Plaintiffs also intend to take

depositions of Defendants, but those dates have not yet been discussed.

Defendants disagree with the mischaracterization that they have not responded to discovery. Plaintiffs' voluminous discovery is overbroad, exceeds the scope of permissible discovery, is not proportional to the needs of the case, and appears intended to harass and annoy Defendants, including by amplifying litigation expenses. Defendants served proper objects, and Defendants' counsel has spoke with Plaintiffs' counsel in an attempt to reach a compromise regarding the proper scope of appropriate and necessary discovery. Defendants continue in their commitment to work cooperatively to complete discovery in this action, which commitment is exemplified by their agreement to continue discovery deadlines while the parties work through the identified discovery issues.

Defendants have not served any written discovery or noticed depositions, but they intend to do so in short order.

## IX.    CLASS ACTIONS

Not applicable.

## X.    RELATED CASES

Plaintiffs are currently unaware of any related cases.

## XI.    RELIEF

Plaintiff seeks monetary damages in an amount subject to proof but in excess of $75,000. Plaintiffs also seek punitive damages, restitution of monies improperly obtained by Defendants and injunctive relief prohibiting Defendants from continuing their wrongful conduct alleged in the Complaint. Plaintiffs also seek their attorneys' fees and costs incurred during the lawsuit.

Defendants are contemplating the pursuit of claims against Plaintiffs based on Plaintiffs' misconduct and harm that has come to light and/or occurred since the commencement of this action.

## XII.    SETTLEMENT AND ADR

Plaintiff and SmarterSwipe are involved in ongoing settlement discussions.

The Parties are currently scheduled to participate in an early neutral evaluation on

Ad Astra Law Group, P.C.

August 21, 2026 before Shirish Gupta.

**XIII. OTHER REFERENCES**

Not applicable.

**XIV. NARROWING OF ISSUES**

Not at this time.

**XV. SCHEDULING**

The Parties have agreed to continue trial and all related dates. Defendants will prepare a Motion to Continue trial and a proposed revised scheduling order on.

**XVI. TRIAL**

Plaintiffs request a jury trial. Trial is anticipated to last 5-7 days.

**XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All parties filed all required disclosures of non-party interested entities or persons.

**XVIII. PROFESSIONAL CONDUCT**

Plaintiffs' and Defendants' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 7, 2026      AD ASTRA LAW GROUP, P.C.

_____
Katy M. Young
Attorneys for Plaintiffs
Knight Consulting Group, LLC and
Sandbox General Technologies, Inc.

Dated: July 7, 2026      SEYFARTH & SHAW, LLP

_____
M. Ryan Pinkston
Attorneys for Defendant Sean Arora, M.D. and
SmarterSwipe, Inc.

Ad Astra Law Group, P.C.

JOINT FURTHER CASE MANAGEMENT STATEMENT
CASE NO.: 5:25-CV-07672-NC

## PROOF OF SERVICE

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is Ad Astra Law Group, P.C., 582 Market Street, 17th Floor, San Francisco, CA 94104

On **July 7, 2026**, I served true and correct copies of the document(s) identified below on the interested parties in said action in the manner indicated below.

**JOINT FURTHER CASE MANAGEMENT STATEMENT**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America, State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 7, 2026**, in Galt, California.

/s/ Katey Carlin
Katey Carlin

Ad Astra Law Group, P.C.

7

PROOF OF SERVICE